UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BOYCE GAINEY, et al. | § § § | |
| vs. | § § | CASE NO. 2:09-CV-284-CE |
| LIFT-ALL COMPANY, INC. et al. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Lift-All Company, Inc.'s ("Defendant") motion for partial summary judgment against plaintiff Boyce Gainey ("Plaintiff") (Dkt. No. 73). Defendant argues that Plaintiff has adduced no evidence to support one or more elements of his manufacturing defect claim. For the reasons discussed below, the court DENIES Defendant's motion for partial summary judgment.

**I.   Background**

Plaintiff's third amended complaint alleges that, on September 20, 2007, Justin Gainey, while working for ADS Erectors ("ADS"), was attempting to set steel beams as part of the construction of a building. At the time of the incident, Mr. Gainey was on a ten foot ladder trying to lock off a beam that was being lifted off the ground in a Tuflex Roundsling EN90 (the "Sling") sold by Industrial Mill and Maintenance Supply, Incorporated ("Industrial Mill") and manufactured by Defendant. As Mr. Gainey and his co-workers were lifting the steel beam, the Sling broke. When the Sling broke, the steel beam fell and hit the ladder that Mr. Gainey was on, knocking him off the ladder and causing his body and head to strike the beam and the concrete foundation. The Sling has a labeled rated capacity or work load limit of up to 6,700 pounds in the choker hold, which was being utilized the day of the incident. The steel beam being lifted when the Sling failed was 3,500 pounds, well below the rated capacity.

Plaintiff asserts that the incident caused Mr. Gainey severe and permanent injuries. Specifically, he was taken by care-flight to the hospital where he was diagnosed with a closed head injury, which required a right-sided craniotomy for evacuation of an epidural hematoma. Additionally, Mr. Gainey suffered bilateral occipital fractures, bilateral frontal, temporal and right cerebellar contusions, a displaced comminuted fracture of the right temporal bone, pneumocephalus, L2 vertebral body fracture, and a comminuted fracture of the right sphenoid. Mr. Gainey has since required many months of rehabilitation and still suffers neuropsychological impairment and cognitive impairment resulting from traumatic brain injury.

Defendant's motion for partial summary judgment argues that Plaintiff has no evidence to support any element of his manufacturing defect claim. Specifically, Defendant contends that Plaintiff has no evidence to show that the Sling was defective when it left Defendant's possession or that any alleged defect was a producing cause of Plaintiff's claimed injuries.

## II. Legal Standard

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "genuine issue" is an issue that "can be resolved only by a finder of fact because…[it]…may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 248. When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The court must draw all reasonable inferences in favor of the non-moving party and refrain from making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d

395, 398 (5th Cir. 2008).

The court's jurisdiction in this case is based on the diversity of the parties. As such, the court must apply Texas products liability law in examining Defendant's motion for partial summary judgment on Plaintiff's manufacturing defect claim. *See Erie v. Tompkins*, 304 U.S. 64, 78-79 (1938); s*ee also RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857-58 (5th Cir. 2010). Under Texas law, to recover for a manufacturing defect, a plaintiff must prove that: (1) the defendant made a product that was defective when it left the defendant's possession; and (2) said defect was a producing cause of the plaintiff's injuries. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 844 (Tex. 2000); *See Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 335 (Tex. 1998); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995). "A product has a manufacturing defect if its construction or quality deviates from the specifications or planned output in a way that is unreasonably dangerous." *Torrington*, 46 S.W.3d at 844; *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997).

"Both direct and circumstantial evidence may be used to establish any material fact." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Shaun T. Mian Corp. v. Hewlett-Packard Co.*, 237 S.W.3d 851, 858 (Tex. App.—Dallas 2007, pet. denied). A plaintiff, however, is not required to show by direct proof how the product became defective or to identify a specific engineering or structural defect. *See Shaun T.*, 237 S.W.3d at 858; *Sipes v. Gen. Motors Corp.*, 946 S.W.2d 143, 155 (Tex. App.—Texarkana 1997, writ denied); *V. Mueller & Co. v. Corley*, 570 S.W.2d 140, 143 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). If the plaintiff "has no evidence of a specific defect in the design or manufacture of the product, he may offer evidence of its malfunction as circumstantial proof of the product's defect." *Gen. Motors Corp. v. Hopkins*, 548 S.W.2d 344, 349–50 (Tex. 1977), *overruled in part on other grounds by*

*Turner v. Gen. Motors Corp.*, 584 S.W.2d 844, 851 (Tex. 1979); *Sipes*, 946 S.W.2d at 155. When a product does not function as it is designed, and there is no evidence suggesting that anyone had tampered with it since it left the manufacturer, there is circumstantial proof of a defect. *Hopkins*, 548 S.W.2d at 349–50; *Sipes*, 946 S.W.2d at 155; *Goodyear Tire & Rubber Co. v. Rios*, 143 S.W.3d 107, 112 (Tex. App.—San Antonio, 2004, pet. denied); *Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724, 732 (Tex. App.—Dallas 1992, writ denied).

A malfunction may be established by the testimony of the product's user or operator about the circumstances of the complained-of event. *Sipes*, 946 S.W.2d at 155. The mere fact that an accident happens, however, is not sufficient proof that the product was defective. *Rodriguez v. Ed Hicks Imports*, 767 S.W.2d 187, 192 (Tex. App.—Corpus Christi 1989, no writ). "The age and use of that product during the time intervening between the purchase and malfunction will tend to support or defeat the circumstantial weight of the malfunction as proof of original defect." *Hopkins*, 548 S.W.2d at 350.

### III. Application

In this case, Mr. Kenneth Lynn Carpenter, the owner of ADS and Mr. Gainey's employer at the time of the incident, testified that there were no modifications made to the Sling after ADS acquired it from Industrial Mill. Plaintiff presented an affidavit from his engineering expert stating that ADS acquired the Sling on May 16, 2007. Accordingly, the uncontroverted summary judgment evidence establishes that, during the approximately five month period between ADS acquiring the Sling and the Sling failing, the Sling was not altered. Moreover, although Plaintiff has failed to produce any evidence as to when the Sling left the hands of Defendant, Defendant does not deny that it manufactured the Sling and that Industrial Mill sold the Sling to ADS. Industrial Mill's answer to Plaintiff's third amended complaint admits that Industrial Mill does not

alter the slings it receives from manufacturers. As such, it is reasonable to infer that the Sling was not tampered with between the time it left Defendant and arrived at ADS. Considering this inference along with the evidence that ADS did not alter the Sling, a jury could conclude that the sling was not modified or altered between the time it was purchased from Defendant and the malfunction. Furthermore, Mr. Carpenter testified that he questioned the men in Mr. Gainey's work crew about the accident and then recreated the circumstances under which the accident occurred. Finally, Mr. Carpenter testified that he knew of nothing that he or his employees could have done to contribute to the Sling's failure.

Considering all of the evidence in the light most favorable to Plaintiff, the court concludes that, under Texas law, Plaintiff has adduced evidence sufficient to raise a genuine issue of material fact by circumstantial evidence as to his manufacturing defect claim. Accordingly, the court denies Defendant's motion for partial summary judgment.

**IV.  Conclusion**

For the foregoing reasons, the court DENIES Defendant's motion for partial summary judgment as to Plaintiff's manufacturing defect claim.

SIGNED this 26th day of August, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE